912 F.2d 465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph B. ARAHA, Plaintiff-Appellant,
v.
U.S. CONGRESS, N.A.A.C.P., (LDF), N.A.A.C.P., (Civil
Rights), Defendants-Appellees.
 No. 90-3095.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1990.
 
 Southern District of Ohio; No. 88-00762, Weber, J.
 S.D.Ohio
 DISMISSED.
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 A review of the district court record indicates that by documents filed February 15, 1989, the parties consented to the magistrate entering the final decision of the district court as provided by 28 U.S.C. Sec. 636(c)(1). Subsequently, the case was transferred to a different magistrate and in error a report and recommendation was filed by the magistrate recommending that the action be dismissed. By order entered May 31, 1989, the magistrate recaptioned the report and recommendation as an order, modified it and dismissed the action under authority of 28 U.S.C. Sec. 636(c)(1). Judgment was entered May 31, 1989. Appellant filed a notice of appeal and various motions regarding the appeal on June 13 and 22, 1989, but the notice of appeal was not forwarded to this court as required by Fed.R.App.P. 3. Those documents were instead treated as objections to the report and recommendation, although such report and recommendation by order entered May 31, 1989, was determined to have been entered in error. The district court judge by order entered July 31, 1989, treated the June 13 and 22 documents, as well as documents filed prior to the entry of the judgment, as motions to reconsider and directed that the magistrate rule on such matters. Reconsideration was denied by order of the magistrate entered December 27, 1989. Appellant appealed on January 29, 1990, from the December 27, 1989, order denying reconsideration.
 
 
 3
 This court lacks jurisdiction in this appeal docketed from the denial of reconsideration. An order denying reconsideration of a judgment is not appealable. Walker v. Mathews, 546 F.2d 814, 817 n. 1 (9th Cir.1976). However, an appeal from the denial of a motion for reconsideration may be treated as an appeal from the judgment where the motion was served within ten days of entry of judgment and tolled the appeal period as provided by Fed.R.App.P. 4(a)(4). Peabody Coal Co. v. Local Union Nos. 1734, 1508 & 1548, UMW, 484 F.2d 78, 81 (6th Cir.1973). However, no document was served by the appellant in the instant case within ten days of entry of judgment which sought reconsideration of the decision. Therefore, this court lacks jurisdiction in this appeal.
 
 
 4
 However, on June 13, 1989, appellant filed a document entitled as a notice of appeal. Such document was filed within the sixty day appeal period provided by Fed.R.App.P. 4(a)(1).
 
 
 5
 Accordingly, it is ORDERED that this appeal docketed upon the January 29, 1990, notice of appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit. However, the clerk of this court is directed to docket a new appeal on the basis of the June 13, 1989, notice of appeal. The parties will be advised by the clerk of the new appeal number.